UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MCAIRLAIDS, INC.** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:12-CV-00578 |
| | ) | |
| **KIMBERLY-CLARK** | ) | |
| **CORPORATION,** | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |
| **KIMBERLY-CLARK** | ) | |
| **WORLDWIDE, INC., and** | ) | |
| | ) | |
| **KIMBERLY-CLARK** | ) | |
| **GLOBAL SALES, LLC** | ) | |
| | ) | |
| **Defendants** | ) | |

## COMPLAINT

Plaintiff, McAirlaids, Inc. ("McAirlaids"), by counsel, for its Complaint against Defendants Kimberly-Clark Corporation ("Kimberly-Clark Corp."), Kimberly-Clark Worldwide, Inc. ("Kimberly-Clark Worldwide"), and Kimberly-Clark Global Sales, LLC ("Kimberly-Clark Global Sales"), (collectively, "Kimberly-Clark"), states as follows:

1. This is an action for federal trade dress infringement for the unauthorized use, adoption, appropriation and/or copying of McAirlaids' federally registered and common law trade dress in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a) and the common law; and for federal and common law unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and the common law. McAirlaids seeks temporary, preliminary and permanent injunctive relief to prevent further unauthorized and deceptive usage of McAirlaids' federally registered and common law trade dress, as well as damages, punitive damages, costs and attorney's fees.

{#1566886-1, 108811-00000-01}

## PARTIES, JURISDICTION AND VENUE

2. McAirlaids is a Virginia corporation with its principal place of business in Rocky Mount, Virginia.

3. Upon information and belief, Kimberly-Clark Corp. is a Delaware corporation with its principal place of business in Neenah, Wisconsin.

4. Upon information and belief, Kimberly-Clark Worldwide is a Delaware corporation with its principal place of business in Neenah, Wisconsin. Kimberly-Clark Worldwide is a wholly owned subsidiary of Kimberly-Clark Corp.

5. Upon information and belief, Kimberly-Clark Global Sales is a Delaware limited liability company with its principal place of business in Neenah, Wisconsin.

6. This Court has personal jurisdiction over Kimberly-Clark because Kimberly-Clark transacts substantial business in the Commonwealth of Virginia and because Kimberly-Clark is subject to jurisdiction under Virginia Code Section 8.01-328.1.

7. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332, and 1338(a) & (b), and has supplemental jurisdiction over the state common law claims under 28 U.S.C. § 1367(a).

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) & (c), and because a substantial part of the events or omissions giving rise to McAirlaids' claims against Kimberly-Clark occurred in the cities or counties constituting the Roanoke Division.

## FACTS COMMON TO ALL COUNTS

9. At all times since 2005, McAirlaids has been in business in the United States manufacturing, selling and marketing medical and hygienic absorbent pads, including absorbent incontinence bed pads.

10. At all times since 2005, McAirlaids' absorbent pads have had a distinctive and nonfunctional trade dress design consisting of a point pattern of repeating embossed dots (the "McAirlaids Trade Dress").

11. McAirlaids owns U.S. Registration No. 4,104,123 for the McAirlaids Trade Dress which was issued on the Principal Register by the United States Patent and Trademark Office on February 28, 2012.  A copy of the registration certificate for the McAirlaids Trade Dress is attached hereto as **Exhibit A** and is incorporated herein by reference.  McAirlaids' federal trademark registration gives McAirlaids the exclusive right to use the McAirlaids Trade Dress throughout the United States.

12. Since 2005, McAirlaids has sold over 150 Million absorbent pads with the McAirlaids Trade Dress in the United States.

13. Companies in the absorbent pad industry use their respective trade dress patterns to package their pads in order for consumers to readily identify one company's pad from the others.  To that end, McAirlaids advertises and markets its absorbent pads with the McAirlaids Trade Dress through, among other channels, brochures, trade shows, and the Internet.  Since 2005, McAirlaids has spent substantial sums in advertising and marketing its absorbent pads with the McAirlaids Trade Dress in the United States.  A representative advertisement for McAirlaids' absorbent pads which prominently features and promotes the McAirlaids Trade Dress is attached hereto as **Exhibit B** and is incorporated herein by reference.

14. McAirlaids has developed substantial goodwill in the McAirlaids Trade Dress, which is associated closely with McAirlaids' absorbent pads, and which serves to identify and distinguish McAirlaids' absorbent pads from those of others and to indicate the source, origin, sponsorship and affiliation of McAirlaids' absorbent pads.

15. Beginning in or around April 2012, Kimberly-Clark began importing, distributing, selling and marketing absorbent incontinence bed pads under its GoodNites® Brand.  Kimberly-Clark's press release announcing the introduction of its GoodNites® Bed Mats is attached hereto as **Exhibit C** and is incorporated herein by reference.  Like McAirlaids' absorbent incontinence bed pads, Kimberly-Clark's GoodNites® Bed Mats have a design consisting of a point pattern of repeating embossed dots (the "Infringing Trade Dress").

16. Kimberly-Clark advertises and markets its GoodNites® Bed Mats with the Infringing Trade Dress through, among other channels, brochures, medical advertising, and the Internet.  An excerpt from Kimberly-Clark's webpage for its GoodNites® Bed Mats www.goodnites.com (the "Kimberly-Clark Website") which prominently features and promotes the Infringing Trade Dress is attached hereto as **Exhibit D** and is incorporated herein by reference.

17. In addition, Kimberly-Clark prominently features and promotes the Infringing Trade Dress on its store signage, displays and packaging for its GoodNites® Bed Mats.  Photographs of Kimberly-Clark's packaging for its GoodNites® Bed Mats which prominently features and promotes the Infringing Trade Dress are attached hereto as **Exhibit E** and are incorporated herein by reference.

18. Kimberly-Clark has used, adopted, appropriated and/or copied, without authorization, the McAirlaids Trade Dress.  Photographs of McAirlaids' absorbent incontinence bed pads and Kimberly-Clark's GoodNites® Bed Mats depicting their identical point pattern design are attached hereto as **Exhibit F** (McAirlaid's absorbent incontinence bed pads) and **Exhibit G** (Kimberly-Clark's GoodNites® Bed Mats) and are incorporated herein by reference.

19. McAirlaids has not licensed the McAirlaids Trade Dress to Kimberly-Clark, nor has McAirlaids authorized Kimberly-Clark to use or copy the McAirlaids Trade Dress in any way.

20. Through its use, adoption and/or copying of the McAirlaids Trade Dress, without any authorization, Kimberly-Clark is attempting to use or mimic the McAirlaids Trade Dress in which McAirlaids has invested significant time, money, and other resources.

21. Kimberly-Clark's use, adoption, appropriation and/or copying of the McAirlaids Trade Dress to identify, advertise, market, promote and sell the same or similar type of products sold by McAirlaids, has caused, and unless enjoined is likely to continue to cause, confusion or mistake among, or to deceive, the consuming public as to the source, origin, sponsorship or approval of the products sold by Kimberly-Clark and by McAirlaids.

22. On July 13, 2012, counsel for McAirlaids sent a letter to Kimberly-Clark demanding that Kimberly-Clark cease and desist immediately from its unauthorized use of the McAirlaids Trade Dress (the "Cease and Desist Letter"). A copy of the Cease and Desist Letter is attached hereto as **Exhibit H** and is incorporated herein by reference.

23. In response to the Cease and Desist Letter, Kimberly-Clark denied infringing the McAirlaids Trade Dress and refused to cease and desist. Since that time, Kimberly-Clark's use of the McAirlaids Trade Dress has actually increased and become more pervasive.

24. McAirlaids has been damaged as a consequence of Kimberly-Clark's unauthorized use, adoption, appropriation and/or copying of the McAirlaids Trade Dress.

25. In addition, Kimberly-Clark's conduct will cause McAirlaids further immediate and irreparable injury, loss and damage for which McAirlaids will have no adequate remedy at law.

26. Kimberly-Clark's use, adoption, appropriation and/or copying of the McAirlaids Trade Dress without authorization shows willful misconduct, malice, fraud, wantonness, oppression, or the entire lack of care which would raise the presumption of conscious indifference to its consequences.

## COUNT I
### (Federal Trade Dress Infringement)
### (15 U.S.C. § 1114)

27. McAirlaids incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

28. McAirlaid's owns U.S. Registration No. 4,104,123 for the McAirlaids Trade Dress.

29. The McAirlaids Trade Dress, as registered, is nonfunctional, inherently distinctive or has acquired secondary meaning and is associated in the mind of the public uniquely with McAirlaids.

30. Kimberly-Clark's GoodNites® Bed Mats which bear the Infringing Trade Dress copy and infringe the McAirlaids Trade Dress.

31. Kimberly-Clark's importing, distributing, selling and marketing of its GoodNites® Bed Mats with the Infringing Trade Dress has caused a likelihood of confusion, mistake or deception as to the source, origin, sponsorship or approval of the products sold by Kimberly-Clark and by McAirlaids, and thus infringes McAirlaids' exclusive rights in and to the McAirlaids Trade Dress in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32. Kimberly-Clark's unauthorized use, adoption, appropriation and/or copying of the McAirlaids Trade Dress deprives McAirlaids of its exclusive right to control, and benefit from, the McAirlaids Trade Dress.  If permitted to continue, Kimberly-Clark's actions will nullify McAirlaids' right to the exclusive use of the McAirlaids Trade Dress, free from infringement, and will have a substantial and adverse effect on McAirlaids' existing and projected future interstate business of marketing and selling its absorbent pads bearing the McAirlaids Trade Dress in violation of 15 U.S.C. § 1114.

33. Kimberly-Clark's unauthorized use of the McAirlaids Trade Dress has resulted in Kimberly-Clark unfairly benefiting from McAirlaids' advertising and promotion and from the resultant goodwill in the McAirlaids Trade Dress.

34. Kimberly-Clark's actions have damaged and continue to damage McAirlaids and its business.

35. Unless temporarily, preliminarily and permanent enjoined pursuant to 15 U.S.C. § 1116, Kimberly-Clark's conduct will cause McAirlaids irreparable harm for which there exists no adequate remedy at law.

36. McAirlaids is entitled to recover from Kimberly-Clark all damages McAirlaids has suffered due to Kimberly-Clark's infringing conduct, costs, as well as Kimberly-Clark's profits obtained from its infringing conduct, in an amount to be proved at trial and to be trebled, pursuant to 15 U.S.C. § 1117.

37. Kimberly-Clark's actions are willful and deliberate and amount to exceptional circumstances, justifying an award of attorneys' fees to McAirlaids pursuant to 15 U.S.C. § 1117.

**COUNT II**
**(Federal Unfair Competition)**
**(15 U.S.C. § 1125(a))**

38. McAirlaids incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

39. Kimberly-Clark's unauthorized use, adoption, appropriation and/or copying of the McAirlaids Trade Dress has caused a likelihood of confusion, mistake or deception as to the source, origin, sponsorship or approval of the products bearing the Infringing Trade Dress sold by Kimberly-Clark and the products bearing the McAirlaids Trade Dress sold by McAirlaids, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Kimberly-Clark's unauthorized use, adoption, appropriation, and/or copying of the McAirlaids Trade Dress falsely suggests an affiliation or connection with, or sponsorship or approval of, Kimberly-Clark and its products by McAirlaids, and/or of McAirlaids and its products by Kimberly-Clark, in violation of 15 U.S.C. § 1125(a).

41. Kimberly-Clark's actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

42. Kimberly-Clark's unauthorized use of the McAirlaids Trade Dress has resulted in Kimberly-Clark unfairly benefiting from McAirlaids' advertising and promotion and from the resultant goodwill in the McAirlaids Trade Dress.

43. Kimberly-Clark's actions have damaged and continue to damage McAirlaids and its business.

44. Unless temporarily, preliminarily and permanently enjoined, Kimberly-Clark's conduct will cause McAirlaids irreparable harm for which there exists no adequate remedy at law.

45. McAirlaids is entitled to recover from Kimberly-Clark all damages McAirlaids has suffered due to Kimberly-Clark's infringing conduct, costs, as well as Kimberly-Clark's profits obtained from its infringing conduct, in an amount to be proved at trial and to be trebled, pursuant to 15 U.S.C. § 1117.

46. Kimberly-Clark's actions are willful and deliberate and amount to exceptional circumstances, justifying an award of attorneys' fees to McAirlaids pursuant to 15 U.S.C. § 1117.

## COUNT III
### (Common Law Trade Dress Infringement)

47. McAirlaids incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

48. McAirlaids is the owner of all right and title to the distinctive McAirlaids Trade Dress.

49. The McAirlaids Trade Dress is nonfunctional, inherently distinctive or has acquired secondary meaning and is associated in the mind of the public uniquely with McAirlaids.

50. McAirlaids has prior and exclusive rights to use its McAirlaids Trade Dress to identify, market, promote and sell its medical and hygienic absorbent pads, including absorbent incontinence bed pads.

51. Kimberly-Clark's GoodNites® Bed Mats copy and infringe the McAirlaids Trade Dress.

52. Kimberly-Clark's importing, distributing, selling and marketing of its GoodNites® Bed Mats with the Infringing Trade Dress has caused a likelihood of confusion, mistake or deception as to the source, origin, sponsorship or approval of the products sold by Kimberly-Clark and by McAirlaids, and thus infringes McAirlaids' exclusive rights in and to the McAirlaids Trade Dress in violation of the common law of the Commonwealth of Virginia.

53. Kimberly-Clark's unauthorized use, adoption, appropriation and/or copying of the McAirlaids Trade Dress deprives McAirlaids of its exclusive right to control, and benefit from, the McAirlaids Trade Dress.  If permitted to continue, Kimberly-Clark's actions will nullify McAirlaids' right to the exclusive use of the McAirlaids Trade Dress, free from infringement, and will have a substantial and adverse effect on McAirlaids' existing and projected future business of marketing and selling its absorbent pads bearing the McAirlaids Trade Dress in violation of the common law of the Commonwealth of Virginia.

54. Kimberly-Clark's unauthorized use of the McAirlaids Trade Dress has resulted in Kimberly-Clark unfairly benefiting from McAirlaids' advertising and promotion and from the resultant goodwill in the McAirlaids Trade Dress.

55. Kimberly-Clark's actions have damaged and continue to damage McAirlaids and its business.

56. McAirlaids is entitled to recover its damages from Kimberly-Clark in an amount to be proved at trial.

57. Unless temporarily, preliminarily and permanently enjoined, Kimberly-Clark's conduct will cause McAirlaids irreparable harm for which there exists no adequate remedy at law.

## COUNT IV
### (Common Law Unfair Competition)

58. McAirlaids incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

59. Kimberly-Clark's unauthorized use, adoption, appropriation and/or copying of the McAirlaids Trade Dress has misled and continue to mislead and deceive the public as to the source of the products bearing the McAirlaids Trade Dress and falsely suggests a connection with McAirlaids, each of which constitutes unfair competition and false designation of origin in violation of the common law of the Commonwealth of Virginia.

60. Kimberly-Clark's actions have damaged and continue to damage McAirlaids and its business.

61. McAirlaids is entitled to recover its damages from Kimberly-Clark in an amount to be proved at trial.

62. Unless temporarily, preliminarily and permanently enjoined, Kimberly-Clark's conduct will cause McAirlaids irreparable harm for which there exists to adequate remedy at law.

**WHEREFORE,** McAirlaids respectfully requests that the Court:

1. Award Judgment in favor of McAirlaids and against Kimberly-Clark on all counts of the Complaint;

2. Enjoin Kimberly-Clark temporarily, preliminarily and permanently from all unlawful and infringing acts that violate McAirlaids' rights;

{#1566886-1, 108811-00000-01}

3. Award McAirlaids its actual and compensatory damages sustained due to Kimberly-Clark's unlawful and infringing conduct, as well as all profits derived by Kimberly-Clark from its unlawful and infringing conduct, in an amount to be proved at trial and trebled;

4. Award McAirlaids recovery of its reasonable attorneys' fees, expenses and costs of prosecuting this action;

5. Award McAirlaids punitive damages;

6 Order destruction of all infringing articles;

7. Grant such other and further relief as the Court deems just and equitable; and

8. Order a trial by jury on all appropriate issues.

Dated: November 20, 2012          Respectfully submitted,

**MCAIRLAIDS, INC.**

By_____/s/ Joshua F. P. Long_____
              Of Counsel

Joshua F. P. Long (VSB #65684)
Michael J. Hertz (VSB #71079)
Woods Rogers PLC
10 S. Jefferson Street, Suite 1400
Roanoke, Virginia 24011
540-983-7625
fax 540-983-7711
jlong@woodsrogers.com
mhertz@woodsrogers.com

Counsel for Plaintiff McAirlaids, Inc.

{#1566886-1, 108811-00000-01}

11